UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| PORTAL TECHNOLOGIES LLC, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| vs. | § | 2:11-cv-00440-JRG |
| | § | |
| YAHOO! INC., | § | JURY TRIAL |
| | § | |
| DEFENDANT. | § | |

### DEFENDANT YAHOO! INC.'S MEMORANDUM IN SUPPORT OF ITS PROPOSED PROTECTIVE ORDER LANGUAGE

Defendant Yahoo! Inc. ("Yahoo!"), respectfully requests that the Court enter a Protective Order including the specific language proposed by Yahoo! in Docket Number 32. Yahoo! and Portal Technologies LLC ("Portal") have largely reached agreement on the form of the Protective Order. The Parties have met and conferred in good faith but are unable to resolve disputes about the source code provisions, which require resolution by the Court. Specifically, the Parties disagree on

1) whether the protective order should specifically define the procedure for inspection, review, and production of the source code; and

2) the extent of limitations on duplication and distribution of source code after production.

Both sides agree that source code is critically important and sensitive enough to warrant its own section of the Protective Order and should be more protected than "RESTRICTED – ATTORNEYS' EYES ONLY" information. Dkt. No. 32, Plaintiff's Proposed ¶ 10, Defendant's Proposed ¶ 10. Yahoo! is involved in a number of cases in the Eastern District of Texas and

**YAHOO!'S MEMO IN SUPPORT OF ITS PROPOSED PROTECTIVE ORDER** – Page 1

produces source code in each case. Yahoo! seeks protective provisions that ensure these productions will be handled uniformly and consistently. Moreover, Yahoo!'s proposal fundamentally seeks to clarify the process for review and handling of source code to prevent disputes requiring the Court's intervention and minimize the risk of inadvertent public disclosure of Yahoo!'s most sensitive information while affording Portal ample opportunity to review that information. Yahoo! is willing to go to great lengths to ensure that Portal will have access to the required source code information in a convenient manner, but is unwilling to agree to terms that prevent reasonable accountability for the review and handling of source code and render superfluous and unenforceable remaining obligations under the Protective Order.

### a. Yahoo!'s Proposal for Source Code Inspection, Review, and Production

Yahoo!'s disputed proposal specifically identifies what can and cannot be done to the source code during inspection in paragraphs 10(a)-(e) and (i)-(j). These paragraphs establish a simple process for reviewing source code that allows Yahoo! to seek enforcement of the Court's restrictions, which both parties agree are necessary to protect Yahoo!'s most confidential information.[1] Yahoo!'s proposal requires Portal to conduct its review in a designated source code review room. In that room, Portal may print pages of source code on pre-bates marked and/or colored paper. Yahoo! will review the printed source code to ensure that a reasonable amount of code has been printed and either object or supply a copy to Portal on pre-bates marked and/or colored paper.

---

[1] Yahoo!'s proposed protections are not arbitrarily created one-sided provisions. Protective orders with very similar provisions have been agreed to by plaintiffs or ordered in many of Yahoo!'s other cases in the Eastern District of Texas. *See Eolas Technologies, Inc. v. Adobe Systems Inc., et al.,* Civ. Action No. 6:09-cv-446, Dkt. No. 423 (E.D. Tex.) (Davis); *PA Advisors, LLC v. Google Inc., et al.,* Civ. Action No. 2:07-cv-480, Dkt. No. 215 (E.D. Tex.) (Folsom); *Bright Response, LLC v. Google, Inc., et al.,* Civ. Action No. 2:07-cv-371, Dkt. No. 383 (E.D. Tex) (Everingham).

**YAHOO!'S MEMO IN SUPPORT OF ITS PROPOSED PROTECTIVE ORDER** – Page 2

Yahoo!'s proposal ensures that Portal does not print an unreasonable amount of source code, which even Portal's proposal agrees is an appropriate restriction. Dkt. No. 32, Plaintiff's Proposed ¶ 10(h). Yahoo!'s proposal reconciles Portal's desire for an efficient review of source code with Defendants' need for protection of their most valuable information by allowing Portal to review all the source code on the computer and print a reasonable number of pages without removing the source code until Yahoo! has had an opportunity to seek protection under the Court's order. In contrast, Portal's proposal provides no way for Yahoo! to ensure that Portal will not simply print all of Yahoo!'s source code and leave the room with it. Assuming Yahoo! could discover a violation under Portal's proposal, it still leaves Yahoo! in the precarious position of trying to put the genie back in the bottle by seeking Court enforcement and trying to get source code back which should never have been printed or released in the first place. Further, Portal's proposal provides no method for dealing with a dispute over "a reasonable number of printouts . . . ." Plaintiff's proposed Paragraph 10(h) reads, "The receiving Party shall be permitted to make a reasonable number of printouts and photocopies of Source Code Material, all of which shall be designated and clearly labeled 'RESTRICTED CONFIDENTIAL SOURCE CODE,' and the receiving Party shall maintain a log of all such files that are printed or photocopied". *See* Dkt. No. 32, Plaintiff's Proposed ¶ 10(h). The lack of a review process and no method for resolving disputes encourages the Yahoo! and Portal to seek judicial relief for disputes rather than resolve their disputes without the Court's intervention.

### b. Yahoo!'s Proposal for Protection of Source Code After Production

The remaining sections of Yahoo!'s proposal are designed to ensure that Yahoo!'s source code is protected from inadvertent disclosure after delivery to Portal. *See* Dkt. No. 32, Defendant's Proposed ¶¶ 10(f)-(h), (k)-(o). Yahoo!'s proposal prevents Portal from digitally imaging or duplicating Yahoo!'s source code, controls who may possess Portal's copy of

Yahoo!'s source code, defines the type of log Portal must maintain, and provides for disposal of Yahoo!'s source code upon termination of use.  These provisions, which have been entered in other Yahoo! cases in the Eastern District of Texas, specifically define how source code is to be treated after production to Portal.  Controlling the number of copies of source code and preventing digital copies is an effective way of minimizing the risk of inadvertent disclosure while imposing minimal burden on Portal.  Similar to the process for inspection and production, Yahoo!'s proposal creates monitoring provisions, allowing Yahoo! to seek the Court's enforcement of its Protective Order.  Absent such provisions, the primary safeguards of the Court's Protective Order will be thwarted.

For all these reasons, Yahoo! respectfully requests that the Court enter its proposed Protective Order.

Respectfully submitted,

/s/ Jennifer H. Doan
Jennifer H. Doan
Texas Bar No. 08809050
Darby V. Doan
Texas Bar No. 00793622
Kristie A. Wright
Texas Bar No. 00794884
HALTOM & DOAN
6500 Summerhill Road, Suite 100
Texarkana, TX  75503
Telephone:  (903) 255-1000
Facsimile:  (903) 255-0800
Email:  jdoan@haltomdoan.com
Email:  ddoan@haltomdoan.com
Email:  kwright@haltomdoan.com

**ATTORNEYS FOR DEFENDANT YAHOO! INC.**

## CERTIFICATE OF CONFERENCE

On May 16, 2012, counsel for Defendant Yahoo! Inc. conferred with counsel for Plaintiff Portal Technologies, LLC, with regard to the language of the Protective Order, but the parties were unable to reach an agreement.

/s/ Jennifer H. Doan
Jennifer H. Doan

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  All other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested, on this the 25th day of May, 2012.

/s/ Jennifer H. Doan
Jennifer H. Doan