IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| PORTAL TECHNOLOGIES LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 2:11-cv-440-JRG |
| | § | |
| YAHOO! INC., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

**I.   INTRODUCTION**

Pending before the Court is Defendant Yahoo! Inc.'s ("Yahoo") Motion to Transfer Venue. (Dkt. No. 8.)[1] Yahoo contends that the Northern District of California (NDCA) is a more convenient forum than the Eastern District of Texas (EDTX) and seeks to transfer venue to the NDCA pursuant to 28 U.S.C. § 1404(a). The Court, having considered the parties' written submissions and oral argument of counsel, **DENIES** the motion to transfer venue and finds that the "private" and "public" convenience factors demonstrate that the transferee venue is not "clearly more convenient" than the current venue. *See In re Nintendo Co.*, 589 F.3d 1194, 1197-98 (Fed. Cir. 2009); *In re Genentech, Inc.*, 566 F. 3d 1388, 1342 (Fed. Cir. 2009); *In re TS Tech*

---

[1] Yahoo's Motion is styled as a Motion to Dismiss for Lack of Venue, or to Transfer, or Alternatively to Certify Under 28 U.S.C. § 1292(b), and simultaneously docketed as a Motion to Dismiss at Dkt. No. 7 and as a Motion to Transfer at Dkt. No. 8. On January 31, 2012, the Court granted Yahoo's unopposed motion to withdraw its Motion to Dismiss. (Dkt. No. 24.) Accordingly, the Court disregards the portions of Yahoo's brief regarding the Motion to Dismiss, 28 U.S.C. §§ 1292(b) and 1400(b), and focuses exclusively on the arguments related to the Motion to Transfer Venue under 28 U.S.C. § 1404(a).

*USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008); *In re Volkswagen of Am., Inc. (Volkswagen II)*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc).

## II. FACTUAL AND PROCEDURAL BACKGROUND

On September 30, 2011, Plaintiff Portal Technologies LLC ("Portal") filed this lawsuit against Yahoo alleging infringement of U.S. Patent No. 6,658.418 ("the '418 patent"). Portal is involved with two other pending suits before this Court also involving the '418 patent. *See Portal Technologies LLC v. AOL Inc.*, 2:11-cv-438-JRG and *Portal Technologies LLC v. IAC/InteractiveCorp. et al.*, 2:11-cv-439-JRG. Portal is a Texas Limited Liability company that has been in existence as a Texas LLC since April 23, 2010. (Dkt. No. 16, at 2.) Portal's principal place of business is located at 6136 Frisco Square Blvd., Suite 385 in Frisco, Texas, which is located within EDTX. Portal has been located in EDTX since April 2010, and its office in Frisco, Texas is staffed with multiple full time employees, including Portal's CEO. *Id*. Yahoo is a Delaware[2] corporation headquartered in NDCA. (Dkt. No. 8.)

## III. LEGAL STANDARDS

Change of venue is governed by 28 U.S.C § 1404(a). Under § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district court or division where it might have been brought." 28 U.S.C. § 1404(a). But a motion to transfer venue should only be granted upon a showing that the transferee venue is "clearly more convenient" than the venue chosen by the plaintiff. *Nintendo*, 589 F.3d at 1197; *Genentech*, 566 F.3d at 1342; *TS Tech.*, 551 F.3d 1319; *Volkswagen II*, 545 F.3d at 315.

---

[2] Sometimes Yahoo argues that it is a Delaware corporation (*e.g.,* Dkt. No. 8-4, at 2) ("Yahoo! is a Delaware corporation headquartered in Sunnyvale, California."). Other times it claims to be a California corporation (*e.g.,* Dkt. No. 20, at 6) ("Yahoo! is a California corporation."). As of July 30, 2012, the Delaware Division of Corporations website lists Yahoo! Inc. as a Delaware corporation.

The initial question in applying the provisions of § 1404(a) is whether the suit could have been brought originally in the proposed transferee district. *In re Volkswagen AG* (*Volkswagen I*), 371 F.3d 201, 203 (5th Cir. 2004). If the transferee district is a proper venue, then the court must weigh the relative public and private factors of the current venue against the transferee venue. *Id.* In making such a convenience determination, the Court considers several "private" and "public" interest factors, none of which are given dispositive weight. *Id.* The "private" interest factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Nintendo*, 589 F.3d at 1198; *Genentech*, 566 F.3d at 1342; *TS Tech.*, 551 F.3d at 1319; *Volkswagen II*, 545 F.3d at 315. The "public" interest factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [in] the application of foreign law." *Nintendo*, 589 F.3d at 1198; *Genentech*, 566 F.3d at 1342; *TS Tech.*, 551 F.3d at 1319; *Volkswagen II*, 545 F.3d at 315.

IV.   ANALYSIS

    A.   **Initial Threshold**

Portal does not dispute that this case could have originally been brought in the NDCA, so the initial threshold in this case has been met. An analysis of the public and private interests, as cited above, must next be considered and weighed.

### B.   Private Interest Factors

####   i.   *Relative Ease of Access to Sources of Proof*

The relative ease of access to sources of proof is the first "private" interest factor to be considered. Despite technological advances in transportation of electronic documents, physical accessibility to sources of proof continues to be an important private interest factor. *See Volkswagen II*, 545 F.3d at 316; *TS Tech*, 551 F.3d at 1321. Further, the Federal Circuit has indicated that access to an alleged infringer's proof is particularly important to venue transfer analyses in patent infringement cases. *See Genentech*, 566 F.3d at 1345 ("In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location.").

Yahoo contends that the finance and marketing operations relating to the accused technology occur in California. However, with regard to the technology underlying the accused products, Yahoo contends that the engineers who oversee the accused technology as well as employees who perform quality assurance and program management are now (and for the past three years have been) located in Bangalore, India. (Dkt. No. 8, at 30.) Prior to that, the engineering team was located in Northern California. Additionally, Yahoo argues that almost all of its business documents and records relating to the research, design, and development of the accused products are located in Yahoo's NDCA offices or in India. *Id*. The master servers for Yahoo's corporate email system are located in NDCA and electronic documents created in Yahoo offices are stored in a datacenter located in Santa Clara County, California. The inventor of the '418 patent resides in Bozeman, Montana. Yahoo contends that this weighs in favor of transfer because travel from Montana to NDCA is more convenient to travel from Montana to

EDTX, even though the distance from Montana to EDTX is only slightly further than the distance from Montana to NDCA.

Portal responds that the vast majority of Yahoo documents and witnesses relevant to *this lawsuit* are located in Bangalore, India, and that the approximate distance and ease of travel from Bangalore to San Francisco, California is essentially the same as from Bangalore to Marshall, Texas. (Dkt. No. 16, at 8) ("The approximate distance from Bangalore, India to Marshall, Texas is 8,710 miles. The approximate distance from Bangalore, India to Marshall, Texas is 9,250 miles … The 540 mile difference (i.e. 6%) is negligible."). Further, Portal contends that there are significant amounts of Portal documents located at its headquarters in Frisco, Texas. *Id*. In fact, at least 136 boxes of relevant documents are located at Portal's Frisco office relating to the reduction to practice and commercialization of the technology described in the '418 patent. The documents stored in EDTX also include the business and financial records of the entity that originally commercialized the technology of the '418 patent. Notably, these documents were not transported to this District for purposes of this litigation, but have been located in Texas since at least 2005. Portal contends that its own voluminous documents are already within EDTX and are much closer to Marshall, Texas than to San Francisco, California. *Id*. With regard to the inventor of the asserted patent, Mr. Burns, Portal contends that, based upon his location in Montana, NDCA is no more convenient than EDTX.

Considering the above, the Court finds that the relative ease of access to the sources of proof factor is neutral. Yahoo concedes that the engineering team responsible for developing and maintaining the accused products transitioned to Bangalore, India over three years ago, and it is accordingly highly likely that the sources of proof relative to this lawsuit and related to that development team will be located in India, and not in NDCA. Viewed in context, Bangalore is

5

only slightly closer to NDCA than EDTX, and it will be only slightly less convenient to transport Yahoo's evidence and employees from Bangalore to EDTX as opposed to NDCA. The incremental inconvenience between the two forums is, at most, minimal. Travel from Bangalore will be a significant undertaking whether it is to NDCA or EDTX. The same can be said for Mr. Burns, the inventor of the asserted patent. While he may be located slightly closer to NDCA than EDTX, travel from Montana to either jurisdiction requires significant travel time and is not substantially different or more difficult. Additionally, once this travel occurs, the cost of food and hotel space (as well as other reasonable costs) are substantially less expensive in Marshall, Texas as opposed to San Francisco, California. For these witnesses, EDTX is only slightly less convenient than NDCA.

Portal and its CEO, multiple full-time employees, and its 136 boxes of documents, however, are indisputably located in Frisco, Texas, within the Eastern District of Texas. For these witnesses, EDTX is a much more convenient forum than NDCA. Similarly, for any Yahoo witnesses currently residing within NDCA, that forum would be a much more convenient forum than NDCA. In this case, some witnesses are located in NDCA, some in EDTX and several others in India and Montana. On balance, the relative ease of access to sources of proof factor is properly viewed as neutral.

    ii.  *Availability of Compulsory Process*

The next "private" interest factor is the availability of compulsory process to secure the attendance of non-party witnesses. This factor will weigh more heavily in favor of transfer when more third-party witnesses reside within the transferee venue. *See In re Volksagen II*, 545 F.3d at 316. Rule 45 of the Federal Rules of Civil Procedure limits the court's subpoena power to non-party witnesses who work or reside more than 100 miles from the courthouse. *Id.* This

6

factor will weigh more heavily in favor of transfer when a transferee venue is said to have "absolute subpoena power." *Id*. "Absolute subpoena power" is subpoena power for both depositions and trial. *In re Hoffman-La Roche Inc.*, 587 F.3d at 1338.

Neither party has identified any third-party witness that would be subject to the compulsory process of either NDCA or EDTX. Thus, this factor is neutral.

        *iii.*     *Cost of Attendance for Willing Witnesses*

Next, the court must weigh the cost for witnesses to travel and attend trial in the EDTX versus the NDCA. "The convenience of the witnesses is probably the single most important factor in a transfer analysis." *In re Genentech, Inc.*, 556 F.3d at 1342. The Court in *Volkswagen I* explained:

> [T]he factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled. Additional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment.

371 F.3d at 205. Although the court must consider the convenience of both the party and non-party witnesses, "it is the convenience of non-party witnesses…that is the more important factor and is accorded greater weight in a transfer of venue analysis." *Mohamed v. Mazda Motor Corp.*, 90 F.Supp.2d 757, 775 (E.D. Tex. 2000); *see also id.* at 204 (requiring courts to "contemplate consideration of the parties and witnesses"); *Fujitsu Ltd. v. Tellabs, Inc.*, 639 F. Supp. 2d 761, 765-66 (E.D. Tex. 2009).

In this case, the evidence with respect to this factor is closely aligned with the relative ease of access to sources of proof factor. As the Court found with respect to that factor, this factor is also neutral.

### iv. Other Practical Problems

Practical problems include those that are rationally based on judicial economy. *Eolas Tech., Inc. v. Adobe Sys., Inc.*, slip op., 2010 WL 3835762, at *6 (denying a request to sever defendants), *aff'd In re Google, Inc.*, 412 Fed. Appx. 295 (Fed. Cir. 2011); *see also Volkswagen II,* 566 F.3d 1349, 1351 (Fed. Cir. 2009) (quoting *Continental Grain Co. v. The FBL-585*, 364 U.S. 19, 26 (1960) ("[T]he existence of multiple lawsuits involving the same issues is a paramount consideration when determining whether a transfer is in the interest of justice … [T]o permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Court leads to the wastefulness of time, energy and money that § 1404 was designed to prevent.")).

There are two other cases pending in this District involving the '418 patent. *See Portal Technologies LLC v. AOL Inc.*, 2:11-cv-438-JRG and *Portal Technologies LLC v. IAC/InteractiveCorp, et al.*, 2:11-cv-439-JRG. The Federal Circuit has made clear that this Court has "considerable discretion to consolidate cases for discovery … [when] there is only a common question of law or fact." *In re EMC Corp.*, 677 F.3d 1351, 1359 (Fed. Cir. 2012). Further, under Fed. R. Civ. P. 42(a), the Court has the discretion to consolidate cases for hearings when there is a "common question of law or fact." *Id*. In this case, all three *Portal* cases currently pending in this Court involve common questions of claim construction and validity. While the Court has not formally consolidated these cases for pretrial purposes, the *Markman* hearing dates for at least two cases (the present case and 2:11-cv-438) are scheduled for the same time and the Court intends, at a minimum, to consolidate the *Markman* hearing and related briefing between these two cases. Because there are several other *Portal* cases pending in this Court, traditional notions of judicial economy weigh against transfer.

### D. Public Interest Factors

#### i. Court Congestion

In its § 1404(a) analysis, the court may consider how quickly a case will come to trial and be resolved. *Genentech*, 566 F.3d at 1347. This factor is the "most speculative," however, and in situations where "several relevant factors weigh in favor of transfer and others are neutral, the speed of the transferee district court should not alone outweigh all of the other factors." *Id.* To the extent that court congestion is relevant, the speed with which a case can come to trial and be resolved may be a factor. *Id.* (citing *Gates Learjet Corp. v. Jensen,* 743 F.2d 1325, 1337 (9th Cir. 1984) ("[T]he real issue is not whether [transfer] will reduce a court's congestion but whether a trial may be speedier in another court because of its less crowded docket.")

The *Markman* hearing in this case is set for January 16, 2013 and jury selection is scheduled for September 3, 2013. This Court is persuaded that it is unlikely that a District Judge in NDCA will be able to receive this case (if transferred), set a scheduling conference, and provide the parties with *Markman* and jury selection dates sooner than those already established in this District. The parties have been diligently working to exchange infringement contentions, invalidity contentions, and discovery according to the Docket Control Order entered in this case and it is likely that this suit will be resolved more quickly in this Court than if it were transferred to NDCA. Although this is the "most speculative" of the §1404(a) factors, a reasonable viewing of the above circumstances leads this Court to conclude that this factor weighs against transfer.

#### ii. Local Interest

The Court must consider local interest in the litigation, because "[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." *Volkswagen I*, 371 F.3d at 206 (5th Cir. 2004). Interests that "could apply virtually

9

to any judicial district or division in the United States," such as the nationwide sale of infringing products, are disregarded in favor of particularized local interests. *Volkswagen II*, 545 F.3d at 318; *In re TS Tech*, 551 F.3d at 1321.

Yahoo argues that NDCA has a significant localized interest in this case because Yahoo is a California corporation with substantial operations in NDCA. Portal responds that any localized interest of the NDCA in resolving this dispute is outweighed by the localized interest of EDTX. According to Portal, Yahoo has significant operations substantially near the Eastern District of Texas, in Dallas County. (Dkt. No. 16, at 13.) Further, Portal contends that it has maintained an office within EDTX since April 2010.

The nature and extent of Yahoo's operations in NDCA are more significant than the nature and extent of Portal's operations in EDTX. Accordingly, this factor weighs in favor of transfer, but given the divergence of Yahoo's operations in India and NDCA, it weighs only slightly in favor of transfer.

       iii.    *Familiarity with the Governing Law*

One of the "public" interest factors is "the familiarity of the forum with the law that will govern the case." *Volkswagen I*, 371 F.3d at 203. Both the NDCA and the EDTX are familiar with patent law, and thus this factor is neutral. *See In re TS Tech*, 551 F.3d at 1320-21.

       iv.    *Avoidance of Conflict of Laws*

No conflict of laws issues are expected in this case, so this factor does not apply.

## V. CONCLUSION

In conclusion, this is not a case where NDCA is "clearly more convenient" than EDTX. At most Yahoo has shown only one factor favors transfer while two factors weigh against

transfer. The remaining factors are neutral or do not apply at all. Accordingly, and for the reasons set forth above, Yahoo's motion to transfer venue is **DENIED**.

**So ORDERED and SIGNED this 7th day of August, 2012.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE