IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **PORTAL TECHNOLOGIES LLC,**<br>　　*Plaintiff,*<br><br>v.<br><br>**YAHOO! INC.,**<br>　　*Defendant.* | §<br>§<br>§<br>§　CIVIL ACTION NO. 2:11-cv-440-JRG<br>§<br>§<br>§<br>§<br>§ |

## ORDER

Before the Court is Defendant Yahoo! Inc.'s ("Yahoo") Emergency Motion to Stay Pending Reexamination. (Dkt. No. 65.) Yahoo's Motion is based on upon certain proceedings at the United States Patent and Trademark Office. On June 15, 2012, a third-party filed a request for *inter partes* reexamination of the asserted patent in this case, alleging that all 86 claims were invalid. (Dkt. No. 71.) The reexamination was undertaken by the USPTO and, on December 6, 2012, the USPTO issued an Action Closing Prosecution ("ACP") rejecting all claims of the '418 patent. *Id*. Portal Technologies LLC ("Portal") is now in the process of preparing a response to the USPTO. *Id*.

The Court believes that "final" does not always have its plain and ordinary meaning at the USPTO. In this particular instance, the patent owner has the right to make a submission to the patent examiner under 37 CFR 1.951(a) in response to the recently issued ACP. MPEP § 2673. This submission effectively initiates another round of arguments before the USPTO's patent examiner, after which the examiner may reverse the rejection and allow the claims. Further, reexamination does not end even if the examiner maintains the rejection of the claims. Should that happen, a Right of Appeal Notice ("RAN") will be issued, freeing the parties to appeal

the examiner's decision to the USPTO Patent Appeals Board. The USPTO Appeals Board will take up the case and hear another round of arguments. If the Appeals Board maintains the rejection of the claims, the patent owner may appeal the rejection of the claims to the United States Court of Appeals for the Federal Circuit. An Action Closing Prosecution is far from a "final" rejection. Here it is apparent that the reexamination proceedings in this matter are still very far from complete and the final outcome at the USPTO is at least several years away. It is hard for this Court to understand Yahoo's possible justification for asserting this Motion to be an "emergency" when confronted with the practical realities of practice before the USPTO as outlined above.

Yahoo's Motion contains no facts or arguments that persuade the Court to deviate from its established policy regarding motions to stay pending reexamination. *See, e.g., Ambato Media v. Clarion Co.*, 2012 WL 194172, *1 (E.D. Tex. Jan. 23, 2012); *RPost Holdings v. Readnotify.com*, No. 2:11-cv-16-JRG, *1 (E.D. Tex. Jun. 29, 2012); *SSL Services, LLC v. Citrix Systems, Inc.*, 2:08-cv-158, Dkt. No. 180 (E.D. Tex. Mar. 16, 2012). In this case, all three of the factors typically considered when deciding whether to stay litigation pending reexamination weigh against a stay. *See Soverain Software LLC v. Amazon, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005).

Yahoo's Motion should fail for at least the following reasons: *First*, a stay would prejudice Portal's interest in the timely enforcement of its patent rights. *Second*, a stay will not simplify issues in question because, as noted above, the reexamination is very far from complete. *Third*, discovery is well-underway, a trial date has been set and the parties are nearly complete with Claim Construction briefing. Accordingly, the Court **DENIES** Yahoo's Emergency Motion for a Stay Pending Reexamination (Dkt. No. 65).

**So ORDERED and SIGNED this 3rd day of January, 2013.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE